**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**DEBRA A. D.,**

                                 **Plaintiff,**

            v.                                                    5:21-CV-604
                                                                       (FJS/DEP)

**COMMISSIONER OF SOCIAL SECURITY,**

                                 **Defendant.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **OLINSKY LAW GROUP**<br>250 South Clinton Street<br>Suite 210<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.**<br>**CAEDEN SEHESTED, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorneys for Defendant | **DANIEL S. TARABELLI, SAUSA**<br>**NATASHA OELTJEN, SAUSA** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

      Plaintiff Debra A. D. brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) (the "Act"), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for benefits. *See generally* Dkt. Nos. 1, 14. The Court referred the matter to Magistrate Judge Peebles for a Report-Recommendation. *See* Dkt. No. 18. After reviewing the parties' briefs, *see* Dkt. Nos. 14, 17, and the Administrative Record ("AR"), *see* Dkt. No. 9, Magistrate Judge Peebles issued a Report-

Recommendation, in which he recommended that the Court deny Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 14, and grant Defendant's motion for judgment on the pleadings, *see* Dkt. No. 17.  *See* Dkt. No. 21, Report-Recommendation.  Plaintiff filed objections to Magistrate Judge Peebles's recommendations, *see* Dkt. No. 22, to which Defendant responded, *see* Dkt. No. 23.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of a magistrate judge's findings and recommendations to which a party has specifically objected.  *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "'A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion.'" *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (quotation omitted).  Properly raised objections "must be specific and clearly aimed at particular findings" in the report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted).  A court reviews for clear error findings and recommendations as to which there are no properly preserved objections.  *See id.*  Likewise, to the extent that a party asserts "'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments'" set forth in the original submissions, the Court reviews them only for clear error.  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quotations omitted).

## III. DISCUSSION

In her objections, Plaintiff argues that Administrative Law Judge Melissa Hammock (the "ALJ") did not properly evaluate the opinions of treating physicians Myles Howard, M.D. and Ted J. Triana, D.O., because she "cherry-picked" evidence favorable to her ultimate decision, and Magistrate Judge Peebles erroneously rationalized the ALJ's mistake by concluding that the ALJ considered all of the evidence even though she did not discuss it. *See* Dkt. No. 22, Pl's Objections, at 1.

Under the applicable regulations, the Commissioner must consider medical opinions and "evaluate the[ir] persuasiveness" based on the following five factors: supportability, consistency, relationship with the claimant, specialization, and 'other factors'" 20 C.F.R. § 416.920c(a)-(c). The ALJ is required to "articulate how [she] considered the medical opinions" and "how persuasive [she] find[s] all of the medical opinions." 20 C.F.R. § 416.920c(a), (b)(1). The two "most important factors" for determining the persuasiveness of medical opinions are consistency and supportability, and an ALJ is required to "explain how [she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. § 416.920c(b)(2).

With regard to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). The regulations provide that with regard to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R.

§ 416.920c(c)(2). An ALJ must consider, but is not required to discuss, the three remaining factors when determining the persuasiveness of a medical source's opinion. 20 C.F.R. § 416.920c(b)(2).

In her decision, the ALJ explicitly discussed Dr. Howard's October 2019 opinion, in which he concluded that Plaintiff had severe limitations in lifting and carrying, moderate limitations in pushing, pulling, and bending, and would be disabled for more than twelve months. *See* AR at 22. The ALJ explained that Dr. Howard's opinion lacked adequate support because Plaintiff's medical findings prior to 2019 were "generally normal" except for some deficits in her lumbar flexion and her ability to walk on her toes. *See id.* The ALJ noted that, even when the record began to contain findings of spinal tenderness and some slowing in Plaintiff's gait in 2019, her testimony and earnings records indicated that she was working full-time at Dunkin Donuts at that time. *See id.* Additionally, the ALJ asserted that Plaintiff's examination records from around the time that Dr. Howard issued his opinion indicated normal musculoskeletal and neurological function. *See id.* Thus, given the lack of objective support for Dr. Howard's opinion, and its inconsistency with "essentially all of the other opinions regarding [Plaintiff's] physical functionality," the ALJ found it "largely unpersuasive."

The ALJ also addressed Dr. Triana's November 2019 opinion. *See id.* The ALJ pointed out that Dr. Triana began treating Plaintiff in or around September 2019 for headaches, which Plaintiff claimed occurred four to six times per week, each lasting up to six hours. *See id.* The ALJ noted that Dr. Triana found that Plaintiff's headaches caused significant limitations in her ability to sit, stand, walk, lift, carry, hold a static position, perform postural and manipulative activities, complete a workday without breaks, and remain on task more than 80% of the workday. *See id.* The ALJ determined that Dr. Triana's opinion lacked significant objective

support in the medical records, which described Plaintiff's headaches as intermittent, and which demonstrated generally normal musculoskeletal and neurological function aside from spinal findings associated with her scoliosis. *See id.* The ALJ remarked that there was no readily available logical tie between Plaintiff's headaches and her ability to sit, stand, lift, carry, or perform upper extremity manipulative activities; and, according to the ALJ, neither Dr. Triana's opinion nor the other evidence established any explanations for those proposed limitations. *See id.* Since Dr. Triana's opinion was "essentially unsupported in the medical record" and the most restrictive physical opinion in the record, the ALJ rejected it as an "overstatement of [Plaintiff's] limitations" and found it "generally unpersuasive." *See id.* at 22-23.

In his Report-Recommendation, Magistrate Judge Peebles concluded that the ALJ properly evaluated both Drs. Howard's and Triana's opinions. *See generally* Dkt. No. 21 at 12-19. Specifically, with respect to Dr. Howard, he noted that Plaintiff "argues that the ALJ's conclusion that his opinion lacks support is based on an improperly selective view of the record that focuses on benign findings and ignores evidence showing greater signs and symptoms." *See id.* at 15 (citing Dkt. No. 14 at 15-16). However, Magistrate Judge Peebles pointed out, "the ALJ did not ignore the fact that the treatment records showed some evidence of limitations during some examinations, and [P]laintiff simply has not shown how the evidence she cites would require the ALJ to find that [she] was as limited as opined by Dr. Howard." *See id.* Magistrate Judge Peebles additionally pointed out that "the fact that the ALJ may not have discussed all of the treatment records or findings that [P]laintiff cites does not mean that the ALJ failed to consider that evidence." *See id.* (citing *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *Sierra M.B. v. Saul*, 20-CV-0127, 2020 WL 7316121, at *8 (N.D.N.Y. Dec. 11, 2020) (Suddaby, C.J.) (collecting cases)).

Regarding Dr. Triana's opinion, Magistrate Judge Peebles noted Plaintiff's argument that his opinion "is well-supported by the doctor's explanations on the opinion form, including his notations of diagnoses, associated symptoms, frequency and duration, and medication efficacy and side effects, and also is consistent with other evidence in the record documenting [P]laintiff's reports of back pain and other symptoms related to her spine." *See id.* at 17 (citing Dkt. No. 14 at 17-18). Magistrate Judge Peebles found no error in the ALJ's assessment. *See id.* He conceded that Dr. Triana answered various questions regarding Plaintiff's diagnoses, headaches, and treatment, but he pointed out that "none of those answers provide an indication as to why [P]laintiff is physically limited by her scoliosis or headaches as opined by Dr. Triana." *See id.* Magistrate Judge Peebles further pointed out that there were no treatment records from Dr. Triana in the record, and he had only been treating Plaintiff for "4-6 weeks" at the time he issued his opinion. *See id.* (quoting AR at 1329). Magistrate Judge Peebles lastly noted, "the fact that some evidence in the record from other sources shows that [P]laintiff occasionally displayed some abnormalities on examination does not require the ALJ to find that [P]laintiff was a[s] severely restricted as opined by Dr. Triana." *See id.* at 17-18 (citing *e.g.*, AR at 920, 959, 1017, 1148, 1151, 1167). Magistrate Judge Peebles then pointed to various records that showed that Plaintiff "suffered from some headaches, but [did] not establish a frequency or severity consistent with Dr. Triana's opinion." *See id.* at 18.

Plaintiff objects that Magistrate Judge Peebles's conclusions are "unfounded within the law[.]" *See* Dkt. No. 22 at 1. According to Plaintiff, the ALJ failed to apply the correct legal principles by "cherry-picking" evidence that supported her conclusion without considering evidence consistent with Drs. Howard's and Triana's opinions. *See id.* at 2. Plaintiff contends that such failure was legal error because "the ALJ is not permitted to focus on just benign

findings when the actual evidence of record shows a more serious picture." *See id.* (citing *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 481, 488 (1951)). According to Plaintiff, caselaw requires the ALJ to consider all evidence in the record. *See id.* at 2-3. Plaintiff explains that there is a difference between an ALJ's actions in *considering* evidence and in *articulating* how she discusses the evidence. *See id.* at 3 (citing 82 Fed. Reg. 5844-01, at 5858). Plaintiff notes that, although the standard does not require "written analysis" about how the ALJ considered each piece of evidence, the ALJ must articulate how she considered the medical opinions. *See id.*

     Plaintiff asserts that the ALJ in this case engaged in the exact type of "cherry-picking" of the record that the regulations and prior caselaw seek to prohibit. *See id.* For example, Plaintiff asserts that Dr. Howard's opinions are supported by his treatment notes documenting her chronic back pain, which is aggravated with certain movements and lifting heavy objects. *See id.* (citing AR at 1166). Additionally, Plaintiff presented for monthly appointments with Dr. Howard in which she complained of chronic back pain and at which time he found tenderness over her L4, L5, and S1 regions, poor spine strength, a slow gait, and limited range of motion. *See id.* at 3-4 (citing AR at 1147-1148, 1151-1165, 1167). Plaintiff also argues that Dr. Howard's opinions are consistent with treatment notes from Loma Forbes, N.P., who diagnosed Plaintiff with lumbago and found that ascending and descending stairs, standing, walking, and other daily activities aggravated Plaintiff's symptoms. *See id.* at 4 (citing AR at 1172-1174). Similarly, Plaintiff asserts that Jacqueline Hughes, N.P., also noted that Plaintiff reported constant lower back pain during an emergency department visit, there was tenderness with palpation, and x-rays showed levoscoliosis of the lumbar spine. *See id.* (citing AR at 1015, 1018). Despite this evidence, Plaintiff contends that the ALJ failed to adequately consider

evidence conflicting with her RFC and "cherry-picked" findings that supported her ultimate conclusion.  *See id.*

Plaintiff objects that Magistrate Judge Peebles erred by rationalizing the conflicting evidence discussed above to cure the ALJ's deficiencies.  *See id.* at 5 (citing Dkt. No. 21 at 11-20).  According to Plaintiff, Magistrate Judge Peebles engaged in an impermissible *post-hoc* rationalization, and he even appeared to make his own findings "to fill in the gaps left behind by the ALJ."  *See id.* (citing Dkt. No. 21 at 11-20).  Plaintiff contends that allowing Magistrate Judge Peebles to conduct a proper analysis on behalf of the ALJ "effectively renders the applicable regulations for evaluating opinion evidence meaningless."  *See id.*  Plaintiff believes that, had Drs. Howard's and Triana's opinions been properly evaluated and credited, the outcome of this case would have been different, and she would have been found disabled.  *See id.*

Despite Plaintiff's arguments to the contrary, the caselaw does not require an ALJ to expressly write out each factor that weighs in favor and against granting a claimant's application.  Courts in this District and within the Second Circuit have repeatedly held that an ALJ is "not required to discuss every piece of evidence in order to show that it had been considered, nor does the ALJ's failure to provide a more detailed discussion of the evidence prevent meaningful review of [her] findings[.]"  *Sharon A.H. v. Comm'r of Soc. Sec.*, No. 5:20-CV-1014 (BKS/DEP), 2022 WL 3141718, *7 (N.D.N.Y. Apr. 22, 2022) (Peebles, M.J.) (citing *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (noting that "an ALJ is not required to discuss every piece of evidence submitted," and that "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered"), *adopted by* 2022 WL 2865971 (N.D.N.Y. July 21, 2022) (Sannes, J.); *LaRock ex rel. M.J. v. Astrue*, 7:10-CV-

1019 (NAM/VEB), 2011 WL 1882292, *6 (N.D.N.Y. Apr. 29, 2011) (Bianchini, M.J.) (discussing that "there is no obligation for the ALJ to discuss every piece of evidence contained in the record, so long [as] 'the evidence of record permits the Court to glean the rationale of an ALJ's decision'" (quotation omitted)), *adopted by* 2011 WL 1883045 (N.D.N.Y. May 17, 2011) (Mordue, C.J.).

A review of the record demonstrates that the ALJ did not "cherry pick" evidence that opposed Drs. Howard's and Triana's opinions, nor did she disregard portions of the record that supported their opinions and Plaintiff's application for benefits. The Court finds that it is clear from the record that the ALJ considered all of the evidence, which included, among other things, Plaintiff's testimony, those physicians' treatment records, and records from other medical sources, including N.Ps. Forbes and Hughes, when determining the appropriate weight to afford Drs. Howard's and Triana's opinions. Thus, after reviewing the record *de novo*, the Court finds that, for all the reasons stated herein as well as in Magistrate Judge Peebles's Report-Recommendation, there is sufficient evidence in the record to support the ALJ's determinations. Finally, the Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles's Report-Recommendation, *see* Dkt. No. 21, is **ACCEPTED in its entirety**; and the Court further

**ORDERS** that, for the reasons Magistrate Judge Peebles stated in his Report-Recommendation and for the additional reasons stated herein, Defendant's motion for judgment on the pleadings, *see* Dkt. No. 17, is **GRANTED,** and Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 14, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated:  September 26, 2022
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge